[Civ. No. 30405.   Second Dist., Div. One.   Dec. 29, 1966.]

PROFFITT AND DURNELL PLUMBING, INC., Plaintiff and Appellant, v. DAVID H. BAER COMPANY, INC., Defendants and Respondents.

Acret & Perrochet, James Acret and John L. Kearney, Jr., for Plaintiff and Appellant.

Mitchell & Gold and Seymour Gold for Defendants and Respondents.

LILLIE, J. — In December of 1963 plaintiff, a licensed plumbing contractor, and defendant, a licensed air-conditioning contractor, learned that the City of Santa Monica would receive bids for the construction of a library building and that Parr Contracting Company intended to bid thereon as prime contractor. Parr accepted a so-called combined bid by plaintiff and defendant for the plumbing and air-conditioning work and, using such bid, was subsequently awarded the job. Thereafter plaintiff kept its part of the bargain by doing the plumbing work, but defendant refused to abide by its commitments in the combined bid to Parr; as a result, the latter was forced to pay another air-conditioning contractor $7,480 more than defendant had orally undertaken to do as part of the combined bid. Having elected to hold plaintiff liable thereon, Parr deducted the above $7,480 from the price due plaintiff for the plumbing work. The present suit sought to recover such sum.[1] Defendant's demurrer to plaintiff's second amended complaint seeking recovery by way of indemnification of principal by agent (count one), breach of contract (count two) and negligence (count three) having been sustained without leave to amend, plaintiff appeals from the judgment dismissing the action.

Common to all three purported causes of action is the allegation that plaintiff is a licensed plumbing contractor and defendant a licensed air-conditioning contractor. In count one it is alleged that defendant orally appointed plaintiff as its agent to obtain the contract from Parr, each giving the other a monetary figure ($52,742 for plumbing and $177,522 for air-conditioning) which in combination would be submitted to the general contractor. Concurrently defendant promised plaintiff that it would enter an air-conditioning contract with Parr if the bid were accepted, while plaintiff in turn orally promised defendant that it would enter a plumbing contract with the general contractor if either of the combined bids was accepted. The total of the two figures was submitted to Parr by plaintiff which did not disclose that it was acting as defendant's agent insofar as the air-conditioning was concerned. As shown above, defendant reneged and plaintiff obtained a substitute air-conditioning contractor who did the job for $7,480 more than defendant's original bid. As defendant's agent, it should be indemnified for the sum deducted by Parr for the plumbing work.

---

[1]Parr, the general contractor, was not made a party to the action.

The second count omits the agency allegation and alleges that the parties dealt with Parr as joint principals under the circumstances set forth in the first count. The contract having been breached by defendant, recoverable damages of $7,480 resulted.

Count three alleges that defendant negligently under-estimated the cost of the air-conditioning work. By reason of such negligence, and under the same circumstances alleged in the previous counts, plaintiff was damaged in the same amount as in said counts alleged.

Since plaintiff is not a licensed air-conditioning contractor, we must decide whether, as a licensed plumber, he can enter into the rather unique contractual arrangements above set forth and still avoid the proscriptions of our licensing laws, as well as of the decisions interpretative thereof, which deny recovery of compensation to any unlicensed party plaintiff. Thus, section 7031 of the Business and Professions Code provides that ''No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this State for the collection of compensation for the performance of any ɩct or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract, . . .'' In its ruling sustaining the demurrer, the court cited *Currie* v. *Stolowitz,* 169 Cal.App.2d 810 [338 P.2d 208], where section 7031 was relied on for the determination that plaintiff, a licensed air-conditioning contractor, could not recover against his subcontractor, a licensed plumber, for breach of a contract to do all the plumbing work in a certain hospital. Citing *Lewis & Queen* v. *N. M. Ball Sons,* 48 Cal.2d 141 [308 P.2d 713], and several other decisions, the court held ''It is clear that section 7031 bars a suit for breach of contract as well as for the collection of compensation for performance of any act.'' (P. 813.) In *Lewis & Queen* (pp. 147, 149) reference is made to section 7029, Business and Professions Code, which makes it unlawful for ''any two or more licensees, each of whom has been issued a license to engage separately in the business or to act separately in the capacity of a contractor within this State, to *jointly submit a bid* . . . without first having secured an additional license for acting in the capacity of such a joint venture or combination in accordance with the provisions of this chapter as provided for an individual,

corpartnership or corporation." (Italics added.) Since the term "contractor" is "any person, who undertakes to or offers to undertake to or purports to have the capacity to undertake to or submits a bid to, or does himself or by or through others, construct . . . add to . . . any building . . . or to do any part thereof . . . ." (Bus. & Prof. Code, § 7026), plaintiff section 7029, *supra.*

(indeed both parties) is clearly governed by the provisions of Paragraph XII of the second amended complaint, after alleging that "Plaintiff added together the figure of $177,520.00 which it had received from defendant Baer and its own estimate for the plumbing work in the amount of $52,742.00," proceeds to make the further allegation that it "submitted the *combined* bid of $230,262.00 to Parr Contracting Company as a bid for the plumbing, heating and air-conditioning work on the library building . . . ." (Italics added.) And in Paragraph XIII there are these allegations: "Thereafter, Parr Contracting Company in reliance thereon, accepted and used the *combined bid* submitted by plaintiff and defendant Baer in computing its own bid to the City of Santa Monica . . . ." (Italics added.) Even though the language above emphasized clearly indicates that the parties "jointly submit[ted] a bid" as contemplated in section 7029, the complaint as amended is completely silent respecting compliance with the provisions of that statute.

We think the above omission fatally infects the pleading under discussion. The good sense in applying section 7029 to the facts alleged is borne out by the following statement in *Currie*: " 'It is the essence of the act that the public be protected against persons who are unqualified to perform the required work. It would violate the letter of the act to offer to do and contract to do that which he was legally unqualified to do. It is the element of sub-contracting that the original contractor assume the primary responsibility, thereafter delegating that responsibility to a further contractor who is secondarily responsible.' " (169 Cal.App.2d 810, 815.) Plaintiff presumably was unqualified to perform air-conditioning work just as defendant was presumably unqualified to install plumbing in the subject building. If the air-conditioning had been wrongly installed, could Parr look to plaintiff, a licensed plumber, for relief? To ask the question is to answer such inquiry. The above notwithstanding, it is asserted that the breach of this so-called combined bid merits the damages

presently demanded. We think not. Notice must also be taken of the fact that when a ruling on the demurrer was pending, there was submitted to the trial court certain correspondence between defendant's counsel and the Contractor's State License Board in which the board was asked hypothetically (but on the precise facts at bar) for its opinion. The board replied that the *Currie* case, which is cited by name, "covers the point asked about in your letter exactly." Accordingly, "It is a well settled rule of statutory construction that when the language of a statute is open to any doubt as to its proper interpretation, contemporaneous administrative construction is to be given great weight." (*Currie* v. *Stolowitz, supra*, p. 814.)

Plaintiff nevertheless contends that section 7031 applies only to actions for "compensation" although *Currie* directly holds that the statute bars a suit for breach of contract, citing *Lewis & Queen*. It also points out that section 7031 imposes a forfeiture and claims that the policy of the courts is to temper its effect under certain circumstances. Such circumstances do not here exist, and *Lewis & Queen* is rather sweeping in its pronouncement that "Section 7031 represents a legislative determination that the importance of deterring unlicensed persons from engaging in the contracting business outweighs any harshness between the parties, and that such deterrence can best be realized by denying violators the right to maintain any action for compensation in the courts . . . ." (48 Cal.2d 141, 151.) Under the further heading that "Section 7031 allows suits between unlicensed contractors who acted in concert," plaintiff refers to *Norwood* v. *Judd*, 93 Cal.App.2d 276 [209 P.2d 24], and other decisions assertedly in point. But the *Norwood* case turned on the issue of unjust enrichment; here, however, there was no retention of money or benefits by the defendant.

We think the above discussion is sufficiently determinative of the problems attending the first two counts of the last amended complaint. ██ As stated earlier, the third count asks damages for negligence, and plaintiff properly observes that section 7031 does not bar recovery in tort by unlicensed contractors. (*Grant* v. *Weatherholt*, 123 Cal.App.2d 34 [266 P.2d 185], and cases therein cited.) The tortious conduct here is said to consist of defendant's act in negligently underestimating the bid for air-conditioning. Since we have concluded that defendant is not liable to plaintiff because of the con-

tract's illegality, it becomes immaterial whether he should be liable for a larger bid or a lesser bid.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied January 18, 1967.