[Civ. No. 10599. Fourth Dist., Div. Two. Aug. 16, 1971.]

MELVIN R. SCHANTZ, Plaintiff and Appellant, v.
ROBERT L. ELLSWORTH et al., Defendants and Respondents.

290

COUNSEL

Blatt & Rosoff and William Blatt for Plaintiff and Appellant.

James Ralston Smith for Defendants and Respondents.

OPINION

KAUFMAN, J.—Plaintiff sued to recover $18,166 in real estate brokerage commissions allegedly earned by him, as a result of procuring two leases for defendants. The cause was tried by the court without a jury. Judgment was rendered for defendants. Plaintiff appeals.

### The Facts

The court found generally in favor of plaintiff and denied recovery solely on the basis that plaintiff failed to prove he was a duly licensed real estate broker as required by Business and Professions Code, section 10136. Specifically, the court found that "plaintiff procured leases for defendants with GOODYEAR TIRE AND RUBBER COMPANY," which defendants executed and accepted; that defendants executed certain "commission schedules" attached to the complaint as exhibits "A" and "B"; that these "Commission schedules . . . constitute agreements by defendants to pay real estate

commissions to plaintiff for the procurement of the above mentioned leases for the terms and at the rates as set forth in said schedules."[1]

With respect to the licensing problem, the following appears. Although the court made no finding on the point, the undisputed evidence establishes and defendants concede that, at all times pertinent to the transactions here involved, plaintiff was a licensed real estate broker. The license, which was read into evidence, was issued to Melvin Rucker Schantz at 1741 West Katella Avenue, Anaheim. The court found, however, that plaintiff was also conducting a real estate brokerage business at 401 West Katella Avenue in Anaheim under the fictitious name Investment Trends; that "plaintiff's dealings with defendants were from said location"; and that although plaintiff had complied with the statutory provisions then pertaining to doing business under a fictitious name, "[a]t no time mentioned in the complaint did plaintiff have a real estate license to operate or conduct a real estate brokerage business at 401 West Katella Avenue. . . ." It also appears from the uncontradicted evidence that the office at 1741 West Katella was plaintiff's main office primarily handling resale houses, whereas the real estate brokerage business conducted by plaintiff under the fictitious name Investment Trends was concerned primarily with commercial property and operated from the 401 West Katella Avenue address.

### Issue and Discussion

The single issue of substance presented by this appeal is whether to recover in an action for a real estate brokerage commission, a broker must not only prove that he holds a valid real estate broker's license but also that he is licensed to do business at the address from which the brokerage services were rendered and in the fictitious name under which the brokerage services were rendered.[2]

---

[1]The court found that one of the leases (the Merced location) was subsequently mutually cancelled between defendants and Goodyear. It is clear from the record, however, that this finding played no part in the court's denying plaintiff relief. The court's conclusion of law that "plaintiff is not entitled to any judgment against the defendants, or either of them" is obviously not based upon that finding, for the finding, at most, could only affect the right to commission with respect to one of the two leases. Moreover, the commission schedules executed by defendants provided in pertinent part: "Receipt of a copy hereof and acceptance of the agreement to the above rates of commission are acknowledged by the undersigned. Undersigned further agrees to pay commission in full upon delivery of signed lease acceptable to him . . . ." In view of this language the trial court made it plain during trial that, if plaintiff was entitled to recover at all, ". . . the brokers earned their commission upon acceptance of the lease." We agree. (Cf. *Jauman* v. *McCusick*, 166 Cal. 517, 522 [137 P. 254]; *Devereux* v. *Sirkus*, 105 Cal.App.2d 340, 345-346 [233 P.2d 644]; Cal. Real Estate Sales Transactions (Cont. Ed. Bar 1967) p. 170.)

[2]Although plaintiff asserts that, in fact, he was licensed for the branch office and the fictitious name, he offered no competent proof of that fact at trial; he made no

Defendants' contention is uncomplicated. Business and Professions Code section 10136[3] prohibits a real estate broker from recovering commissions "without alleging and proving that he was a *duly licensed* real estate broker . . . at the time the alleged cause of action arose." (Italics supplied.) The provisions of sections 10162 and 10163 make it plain that a real estate broker maintaining a branch office must "apply for and procure an additional license for each branch office so maintained by him." Furthermore, "[n]o fictitious name shall be used by a licensee . . . unless a license bearing such fictitious name has been issued to said licensee." (10 Cal. Admin. Code, § 2731; see also Bus. & Prof. Code, § 10159.5.) Defendants argue that, having produced no evidence of being licensed for the branch office at 401 West Katella Avenue or for the use of the fictitious name Investment Trends, plaintiff failed to prove he was "a duly licensed real estate broker" as required by section 10136.

While defendants' argument has the appeal of simplicity, it is not persuasive. In dealing with a provision of the contractors' licensing law (Bus. & Prof. Code, § 7031) similar in purpose and wording to section 10136, it has been noted that literal observance will not be required "if it would transform the statute into an 'unwarranted shield for the avoidance of a just obligation.' " (*Latipac, Inc.* v. *Superior Court,* 64 Cal.2d 278, 281 [49 Cal.Rptr. 676, 411 P.2d 564]; *S & Q Construction Co.* v. *Palma Ceia Development Organization,* 179 Cal.App.2d 364, 367 [3 Cal.Rptr. 690].) Nor will the courts enlarge upon the statute in imposing penalties for noncompliance. (*Davis Co.* v. *Superior Court,* 1 Cal.App.3d 156, 158 [81 Cal. Rptr. 453]; *S & Q Construction Co.* v. *Palma Ceia Development Organization, supra,* 179 Cal.App.2d at pp. 367-368.) Literally, all that section 10136 requires is that the plaintiff prove "that he was a duly licensed real estate broker." There is literally no requirement in section 10136 that, as a prerequisite to the maintenance of his action, he prove that he had a branch office license for the branch office from which the services were performed or a fictitious name license authorizing the use of the fictitious name under which his services were performed.

Where the statute is not explicit, problems such as that now confronting us are to be resolved by reference to the statutory purpose. (Cf. *Latipac, Inc.* v. *Superior Court, supra,* 66 Cal.2d at p. 281; *Gatti* v. *Highland Park Builders, Inc.,* 27 Cal.2d 687, 690 [166 P.2d 265]; *Davis Co.* v. *Superior Court, supra,* 1 Cal.App.3d at p. 158.) ■ The purpose of the licensing

motion to reopen or for new trial; nor has he requested that we take evidence on appeal.

[3]All code sections hereinafter mentioned will refer to the Business and Professions Code unless otherwise specifically indicated.

requirement is to protect the public from the perils incident to dealing with incompetent or untrustworthy real estate practitioners. (See *Koeberle* v. *Hotchkiss,* 8 Cal.App.2d 634, 640 [48 P.2d 104]; cf. *Davis Co.* v. *Superior Court, supra,* 1 Cal.App.3d 156, 158 and cases there cited [dealing with the contractors' licensing law].) The statutory purpose, insuring the competency and trustworthiness of real estate practitioners, is satisfied by proof of plaintiff's valid real estate broker's license. It was in connection with the application for and issuance of that license that his competency and trustworthiness were examined. (See Bus. & Prof. Code, §§ 10150, 10150.5, 10150.6, 10152, 10153 and 10153.3; cf. *Lewis & Queen* v. *N. M. Ball Sons,* 48 Cal.2d 141, 149 [308 P.2d 713]; *Gatti* v. *Highland Park Builders, Inc., supra,* 27 Cal.2d at p. 689.) Under the statutory scheme, licenses for branch offices and for the use of fictitious names appear to be granted routinely to one who already holds a valid real estate broker's license without further proof of competency or trustworthiness. (See Bus. & Prof. Code, §§ 10159.5 and 10163, *supra;* 10 Cal. Admin. Code, §§ 2732 and 2733.)

We hold, therefore, that Business and Professions Code section 10136 does not preclude maintenance of action for compensation by one who holds a valid real estate broker's license but who has failed to obtain a branch office license or a license for the use of a fictitious name. The failure to secure such additional licenses, of course, may be grounds for disciplinary action by the Real Estate Commissioner. (Bus. & Prof. Code, § 10177, subd. (d).)

The judgment is reversed with directions to enter judgment for plaintiff in the amount of $18,166, together with interest and costs.

Gardner, P. J., and Gabbert, J., concurred.