[Civ. No. 64591. Second Dist., Div. Four. Oct. 19, 1982.]

J. B. GAINES, Plaintiff, Cross-Defendant and Appellant, v.
EASTERN PACIFIC, SANTA MARIA,
Defendant, Cross-complainant and Respondent.

COUNSEL

Gerald C. Weaver for Plaintiff, Cross-defendant and Appellant.

Eckert & O'Gorman and Richard A. Tyler for Defendant, Cross-complainant and Respondent.

## OPINION

**WOODS, P. J.**—Appellant J. B. Gaines, a subcontractor, sued respondent Eastern Pacific, a contractor, for breach of contract. Eastern Pacific cross-complained for damages it allegedly incurred because the subcontractor did not perform properly, and the contractor was compelled to hire

others to redo much of the work. The contractor was awarded judgment on the cross-complaint in the sum of approximately $158,000.[1] ▇ The issue presented is whether the cross-complainant is barred from recovery because it did not have a contractor's license at the time the contract was entered into.

Business and Professions Code section 7031 provides in pertinent part: "No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this state for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract, . . . ."

Appellant correctly contends that respondent neither alleged in its cross-complaint nor proved at the default hearing that it was a licensed contractor.[2] However, as the following summary of the evidence reflects, respondent was licensed "at all times during the performance" of the contract, and throughout most of the life of the contract.

The contract was entered into between appellant and respondent on January 18, 1977. By its terms, appellant was to lay concrete foundations for 105 residential units. A contractor's license was issued to respondent on February 14, 1977. From January 19, 1977, until June 21, 1977, appellant furnished labor, equipment, materials, and services to respondent under the contract. On June 22, 1977, respondent ordered appellant to stop performance of any further work on the project and refused to pay any more money to appellant thereafter.

In its cross-complaint respondent alleged that it was appellant who breached the contract, by refusing to perform the work properly, and that

---

[1] The procedural history of this matter is somewhat unusual. After the cross-complaint was filed, respondent filed a motion for order compelling answers to interrogatories. On September 6, 1979, the court issued its order, giving appellant 60 days to answer the interrogatories and awarding $150 in attorney's fees as sanctions. Thereafter, in January 1980, another motion to compel answers was filed; this time the court ordered appellant to answer and awarded an additional $600 in sanctions. In April 1980, the answers not having been received, on its third motion for sanctions, the court ordered that appellant's complaint be dismissed and that its answer to the cross-complaint be stricken. Further attorney's fees in the sum of $250 were awarded. Thereafter, appellant's default was entered and, in May 1981, judgment on that default was awarded. Appellant moved for a new trial, seeking to set aside the default judgment. In that motion, he alleged, inter alia, that the cross-complaint did not state a cause of action, because cross-complainant was not licensed. The denial of that motion resulted in the instant appeal.

[2] Although a defendant against whom a default judgment has been taken has a very limited right to appeal, he may attack the sufficiency of the pleadings on which the default judgment was based. (*Mackie* v. *Mackie* (1960) 186 Cal.App.2d 825, 830 [9 Cal.Rptr. 173].)

after said breach respondent was required to discharge bills and charges for labor, materials, mechanic's liens, and other demands made by materialmen and other subcontractors, which were in fact the obligations of appellant, but which obligations appellant had failed or refused to meet. Further, respondent incurred additional expenses for completion of the project after appellant was ordered to stop work.

What is clear from the foregoing recitation is that respondent was unlicensed only during the first month of the contract. Of even greater significance is the fact that during that one-month period, respondent was not called upon to perform any contracting services; by the time those services were performed, for which monetary damages were sought, respondent had been licensed for approximately four months. The statute requires that a person be licensed "at all times during the performance" of his contract. During the performance for which compensation was sought and received here, respondent was in fact licensed.

"While it may be argued that the execution of a construction contract is an act for which a license is required, that act is clearly not an act for which compensation for performance is made. Compensation for performance is made for acts called for in the contract and it is that performance which [Business and Professions Code] section 7031 controls." (*Vitek, Inc.* v. *Alvarado Ice Palace, Inc.* (1973) 34 Cal.App.3d 586, 590. [110 Cal.Rptr. 86].)

Further, considerable authority exists in California for recovery by an unlicensed contractor where it is found that he has substantially complied with the requirements of section 7031. In *Vitek,* that substantial compliance doctrine was applied where a contractor was unlicensed when the contract was signed, but licensed throughout the performance of the contract. The court concluded that the contract itself was not illegal; the Legislature in enacting section 7031 has denied recovery for unlicensed performance, not for the unlicensed execution of a contract. (*Vitek, Inc.* v. *Alvarado Ice Palace, Inc., supra,* 34 Cal.App.3d at p. 594.) The court concluded that the legislative intent, to protect the public from unlicensed activity, would not be met by denying recovery in that case.

"The purpose of the Contractors' License Law is to protect the public by prohibiting dishonest, incompetent, inexperienced or financially irresponsible persons from acting as building contractors [citations]. Consistent therewith, it has been held that the *invocation of substantial compliance is appropriate where* despite some failure of literal compliance with the licensing requirements *the party* seeking to escape his obligation *has received the full protection which the statute contemplates* [cita-

tions]." (Italics in original.) (*Brown* v. *Solano County Business Development, Inc.* (1979) 92 Cal.App.3d 192, 196 [154 Cal.Rptr. 700].)

In *Latipac, Inc.* v. *Superior Court* (1966) 64 Cal.2d 278, 280 [49 Cal.Rptr. 676, 411 P.2d 564], plaintiff possessed a valid contractor's license at the time the contract was executed, and performed for 15 months before his license expired. He continued to perform for several months before the license was renewed but did renew it two months after completion of the work. The court said: "Although plaintiff thus failed literally to conform to the commands of section 7031 of the Business and Professions Code, the courts of this state have not insisted upon such strict observance if it would transform the statute into an 'unwarranted shield for the avoidance of a just obligation.' [Citation.]" (*Id.*, at p. 281.)

Finally, it does not appear that the recovery on the cross-complaint was a recovery of "compensation for the performance" of acts called for in the contract. (Bus. & Prof. Code, § 7031.) Under remarkably similar circumstances, the United States District Court for the Eastern District of California so found in *American Sheet Metal* v. *Em-Kay Engineering* (E.D.Cal. 1979) 478 F.Supp. 809. There, subcontractors sued a contractor alleging breach of contract. The contractor counterclaimed for defective performance and sought damages it had incurred as a result of plaintiff's breach. The court, applying California law, determined that secion 7031 did not prohibit recovery by the counterclaimant because the cause of action was not within the scope or purpose of the code section; the contractor was not suing to recover compensation under the contract. The purpose of the statute is to protect the public, not to provide a shield against the satisfaction of obligations.

Therefore, the trial court properly concluded that the cross-complainant (respondent) was not barred from recovery by the provisions of Business and Professions Code section 7031.

The judgment is affirmed.

Amerian, J., and Mayerson, J.,* concurred.

A petition for a rehearing was denied November 2, 1982, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1982. Mosk, J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.