[No. B155518. Second Dist., Div. Two. Mar. 11, 2003.]

DAVID K. OLSON, Plaintiff and Appellant, v.
BARUCH C. COHEN et al., Defendants and Respondents.

1210

## COUNSEL

Robert W. Hirsh & Associates and Robert W. Hirsh for Plaintiff and Appellant.

Levinson & Kaplan, Robert A. Levinson and Stuart L. Leviton for Defendants and Respondents.

## OPINION

**NOTT, J.**—In this action we are called upon to address appropriate remedies where a law corporation fails to register with the State Bar of California (State Bar) as required by the Business and Professions Code. We hold that at least on the facts presented in the present case, where there is no allegation that any client either relied upon the existence of a corporate entity in seeking legal services or was injured by the law corporation's delinquency, disgorgement of legal fees is inappropriate.

David K. Olson appeals from the judgment of dismissal entered in his class action lawsuit filed on behalf of himself and other legal clients of "Baruch C. Cohen, Esq., a Professional Law Corporation aka Law Office of Baruch C. Cohen, Esq., a Professional Corporation aka Baruch C. Cohen, a

Professional Law Corporation aka Law Office of Baruch C. Cohen, a Professional Law Corporation" (Corp). Corp and Baruch C. Cohen, an individual, were named as defendants. The action sought disgorgement of all legal fees collected by Corp and Cohen for work occurring during a four-and-one-half-year period before Corp registered to practice law with the State Bar. Appellant contends the trial court improperly granted demurrers to the original complaint and the first amended complaint (FAC) without leave to amend, and granted excessive attorney fees. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This action was filed in May 2001. The complaint alleges that during the period of August 13, 1996, when Corp incorporated, through April 8, 2001, Corp was not registered as a law corporation with the State Bar. It pleads counts for rescission and imposition of constructive trust (count 1), violation of section 17200 et seq. of the Business and Professions Code and for imposition of constructive trust (count 2); intentional misrepresentation (count 3); concealment (count 4); and accounting (count 5). The complaint prays for disgorgement of monies paid to Corp and Cohen before Corp registered with the State Bar, and for other affirmative relief.

Respondents demurred to the complaint. The trial court sustained respondents' general demurrer and allowed leave to amend count 2. The court denied leave to amend the remaining counts.

Appellant filed his FAC alleging violation of section 17200 et seq. of the Business and Professions Code and requesting imposition of constructive trust. The FAC alleges the following. Corp was not registered with the State Bar during a period of more than four years which ended in April 2001, when Corp registered to practice law. Corp is owned and controlled by Cohen, an attorney. Corp practiced law during the period when it was organized but not registered as a law corporation. The FAC seeks restitution of all fees paid for services rendered during the period, imposition of a constructive trust, and statutory damages pursuant to section 17206.1 of the Business and Professions Code (penalties for violations against senior citizens or disabled persons), subject to proof.

Respondents demurred to the FAC. The trial court sustained the demurrer without leave to amend and dismissed the action. It reasoned that requiring respondents to return all of the legal fees collected, regardless of the results obtained, would be disproportionate to the wrong and was in any event a matter between respondents and the State Bar. Appellant unsuccessfully

sought reconsideration. Respondents were granted attorney fees and costs in the total amount of $33,036.75. This appeal followed.[1]

## DISCUSSION

### 1. *Standard of review*

■ On appeal from a judgment of dismissal entered after a general demurrer is sustained, the appellate court reviews the complaint to determine whether it states a cause of action. The court assumes the truth of all properly pleaded material allegations of the complaint. (*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 558 [71 Cal.Rptr.2d 731, 950 P.2d 1086] (*Stop Youth Addiction*).) ■ The propriety of awarding attorney fees presents a legal question which is reviewed de novo. (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1132 [94 Cal.Rptr.2d 448].) The court reviews the amount of the attorney fees award for abuse of discretion. (*Id.* at p. 1134.)

### 2. *Registration as a law corporation*

The Business and Professions Code requires a law corporation to obtain a certificate of registration, which is issued by the State Bar upon findings that the corporation is organized and existing pursuant to the General Corporation Law or pursuant to section 13406, subdivision (b) of the Corporations Code, that the qualifications of personnel, the ownership and transfer of shares, and the security for claims against the corporation have been satisfied, and that it appears the corporation will be conducted in compliance with law and the rules and regulations of the State Bar. (Bus. & Prof. Code, §§ 6161, 6171.) A registration fee is required, as are annual fees for renewal of the certificate of registration. (Bus. & Prof. Code, §§ 6161, 6161.1.) The State Bar is authorized to investigate the conduct of the corporation's business and to issue a notice to show cause why it should not be ordered to cease and desist from specified acts or conduct or its certificate of registration should not be suspended or revoked if there is reason to believe a law corporation has violated any pertinent statute, rule, or regulation. (Bus. & Prof. Code, §§ 6168, 6169.) Review is in the Supreme Court. (Bus. & Prof. Code, § 6170.)

Section 6160 of the Business and Professions Code provides that "[a] law corporation is a corporation which is registered with the State Bar of

---

[1]We hereby decline appellant's request, filed August 6, 2002, that we take judicial notice of proceedings in a different action which occurred after the appeal herein. (See *In re Marriage of Folb* (1975) 53 Cal.App.3d 862, 877 [126 Cal.Rptr. 306], disapproved on other grounds in *In re Marriage of Fonstein* (1976) 17 Cal.3d 738, 749, fn. 5 [131 Cal.Rptr. 873, 552 P.2d 1169].)

California and has a currently effective certificate of registration . . . . Subject to all applicable statutes, rules and regulations, such law corporation is entitled to practice law." "[M]embers of the State Bar may properly render legal services as officers or employees of a law corporation . . . ." (Bus. & Prof. Code, § 6172.)

### 3. *Section 17200 of the Business and Professions Code*

Appellant contends that Corp engaged in the unauthorized practice of law by providing legal services without registering as a law corporation with the State Bar. He reasons that during the period before Corp registered with the State Bar, all services rendered by it were illegal and that Corp's fee agreements were void. Appellant asserts that Corp's acts were "unlawful, unfair or fraudulent business practices" pursuant to section 17200 of the Business and Professions Code and that Corp and Cohen should be required to disgorge all fees they collected for services rendered during the period before Corp registered. We disagree.

■ To state a claim under sections 17200 through 17209 of the Business and Professions Code (the unfair competition law, or UCL), appellant must allege a business practice that is forbidden by law. (*Stop Youth Addiction, supra*, 17 Cal.4th at p. 560.) In the present case, appellant did not allege that Cohen was unlicensed, but only that Corp failed to register as a law corporation with the State Bar. Assuming that by holding Corp out as a law corporation, Corp and Cohen engaged in an unlawful business practice, appellant nevertheless failed to show that he is entitled to the relief he seeks.

A UCL action is equitable in nature, and the court may consider equitable factors in deciding which, if any, remedies authorized by the UCL should be awarded. (*Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 179-181 [96 Cal.Rptr.2d 518, 999 P.2d 706].) In the present case, those factors weigh strongly in favor of denying appellant relief. Corp voluntarily registered with the State Bar prior to the filing of the original complaint. There is no present basis for ordering injunctive relief regarding registration. Nor has appellant shown a reasonable basis for restitutionary relief. Although appellant seeks a forfeiture of all fees collected from Corp, there is no allegation that any client relied upon the existence of a corporate entity in seeking legal services or was injured by the delay in registration. There is no allegation of malpractice.

The complaint alleges that Corp failed to comply with one of the requirements for operating as a law corporation. The decision to incorporate as a professional corporation, however, is typically made to obtain tax advantages and to avoid personal liability for the corporation's debts. (See 2

Organizing Corporations in Cal. (Cont.Ed.Bar 3d ed. 2001) Professional Corporations, § 6.5, pp. 638-639.) Incorporation is not undertaken for the protection of clients. The protections for clients mandated by laws governing incorporation of law corporations, such as restrictions on who may be a shareholder and requirements for security for claims against the corporation, protect against abuses which might otherwise occur from the use of the corporate structure. Failure to comply with these requirements may result in an order to cease and desist or suspension or revocation of registration. (Bus. & Prof. Code, §§ 6168, 6169.) To require disgorgement of fees because of a failure to register the corporation, on the other hand, is disproportionate to the wrong.

*Birbrower, Montalbano, Condon & Frank v. Superior Court* (1998) 17 Cal.4th 119 [70 Cal.Rptr.2d 304, 949 P.2d 1] (*Birbrower*) and *Homami v. Iranzadi* (1989) 211 Cal.App.3d 1104 [260 Cal.Rptr. 6] (*Homami*), relied upon by appellant, are distinguishable. *Birbrower* concerned the practice of law in California by attorneys who were not licensed to practice law here, in violation of section 6125 of the Business and Professions Code. Our Supreme Court held that the law firm was not entitled to recover fees under its fee agreement for those services. (*Birbrower, supra,* 17 Cal.4th at p. 140.)[2] In *Homami*, the appellate court reversed a judgment for interest on a loan where the loan agreement was evidenced by promissory notes that stated they would bear no interest, but the parties had orally agreed that interest would be paid but intended to avoid reporting it as income for tax purposes. The appellate court held that the oral agreement had as its object the violation of law, and was therefore void. (*Homami, supra,* 211 Cal.App.3d at p. 1112.) Here, the fee agreements had as their object the provision of legal services by Cohen, a licensed attorney. Although Cohen may not have been entitled to the protection from individual liability afforded by a professional corporation during the period when Corp was not registered with the State Bar, the agreements' object was not the violation of law.

Instead, this case is similar to *American Alternative Energy Partners II v. Windridge, Inc.* (1996) 42 Cal.App.4th 551, 561 [49 Cal.Rptr.2d 686], in which a purported limited partnership failed to file a certificate of limited partnership with the Secretary of State. The court treated the partnership not as lacking capacity to sue but rather as a general partnership with general liability. Analogously, in the present case Corp would be treated as a sole proprietorship and Cohen denied the benefits of conducting his law practice

---

[2] *Capiello, Hoffman & Katz v. Boyle* (Cal.App.) (*Capiello*) a 2001 opinion, relying upon *Birbrower*, concluded that an unregistered corporation is barred from recovering compensation for any legal services it provides. The case was ordered depublished July 11, 2001. *Capiello* was relied upon by Olson below.

through a corporate entity. (See also *Schantz v. Ellsworth* (1971) 19 Cal.App.3d 289 [96 Cal.Rptr. 783] [a real estate broker was allowed to enforce a commission contract even though it was entered into by the broker using a fictitious business name and his broker's license was held in his individual name].) We conclude that based upon the allegations of the FAC, appellant is not entitled to the relief sought under the UCL.

### 4. *Rescission*

Appellant contends that an unlicensed person cannot collect compensation for practicing law, and that he and the represented class are therefore entitled to restitution based upon rescission. We disagree.

"Civil Code section 1692 in essence restates the equity jurisprudence applicable in the rescission context." (*Hedging Concepts, Inc. v. First Alliance Mortgage Co.* (1996) 41 Cal.App.4th 1410, 1422 [49 Cal.Rptr.2d 191].) It states in relevant part that in an action seeking rescission, "the court may require the party to whom such relief is granted to make any compensation to the other which justice may require and may otherwise in its judgment adjust the equities between the parties." (Civ. Code, § 1692.) As we discussed above, the equities of the present case do not support disgorgement of fees paid to Corp and Cohen. The contracts are fully executed. Cohen, the attorney performing the services, was licensed to practice law in California. Appellant does not challenge the services as negligently rendered. Moreover, "to effect a rescission a party to the contract must, promptly upon discovering the facts which entitle him to rescind . . . [¶] . . . [¶] (b) Restore to the other party everything of value which he has received from him under the contract . . . ." (Civ. Code, § 1691.) Appellant cannot restore to respondents the services which he has received from them under the fee agreements.

In addition, appellant conceded in his opposition to respondents' first demurrer, that he did not assert his rescission claim against Cohen personally. Cohen's demurrer to the claim was therefore properly sustained without leave to amend.

### 5. *Misrepresentation or concealment*

■ The only misrepresentation or concealment alleged in the original complaint is respondents' failure to inform appellant that Corp was not registered as a law corporation with the State Bar during the period in issue. The elements of a cause of action for fraud are misrepresentation (false representation, concealment, or nondisclosure), scienter, intent to defraud, justifiable reliance, and resulting damage. (*Anderson v. Deloitte & Touche*

(1997) 56 Cal.App.4th 1468, 1474 [66 Cal.Rptr.2d 512].) Providing services through a law corporation limits the liability of its owners; it does not typically benefit clients receiving the services. Appellant failed to allege either justifiable reliance or resulting damage to himself or to the members of the class.

### 6. *Accounting*

As discussed above, appellant alleged no facts justifying the remedy of an accounting.

### 7. *Attorney fees*

■ The retainer agreements between the parties provided that in the event of litigation between them, the prevailing party would be entitled to reasonable attorney fees. The trial court awarded respondent $30,450. Appellant contends that amount is excessive. We disagree.

Appellant makes only a general challenge to the amount of time spent by opposing counsel—he does not challenge the hourly billing rate. He also asserts that fees for unsuccessful services, including enforcement of a settlement agreement and the motion to disqualify counsel, were improperly allowed.

■ The determination of reasonable attorney fees is committed to the sound discretion of the trial court, which is in the best position to judge the value of professional services rendered in its court. (*Akins v. Enterprise Rent-A-Car Co., supra*, 79 Cal.App.4th at p. 1134.) The court may consider the nature of the litigation, its difficulty, the amount involved in the litigation, the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, the attorney's learning and experience, the intricacies and importance of the litigation, the labor necessary, and the time consumed. (See *Clayton Development Co. v. Falvey* (1988) 206 Cal.App.3d 438, 447 [253 Cal.Rptr. 609].) We will reverse only if the amount awarded is so large or small that we are convinced it is clearly wrong. (*Akins v. Enterprise Rent-A-Car Co., supra*, 70 Cal.App.4th at p. 1134.)

■ Respondents sought $51,290.10 in attorney fees. The fees included services provided in connection with settlement efforts, the demurrer to the original complaint, the demurrer to the FAC, discovery issues and putative class issues including appellant's counsel's contacts with respondents' clients and former clients, a motion to disqualify appellant's counsel, appellant's motion for reconsideration, and the motion for attorney fees.

In ruling on the attorney fees motion, the trial court observed: "Mr. Leviton [respondents' counsel] is a very qualified attorney. He's got an

impressive background. He had to do a lot of work in this case. This was a full-scale onslaught. There were moves to discover all of his clients' finances, the identities of his clients, all the time sheets, all the billings to his clients. He couldn't take that lying down. . . . There were attempts by you [appellant's counsel] or by somebody in your office or by [appellant] to contact [Cohen's] clients and tell his clients that he's quote, 'bad news,' end quote. He had to do something about that. This was—he was under attack. He had been sued for fraud. So I—I don't blame them for spending a lot of money and a lot of resources early on to try to eliminate this lawsuit." The trial court denied fees for work done up to the day that the *Cappiello* decision was depublished, July 11, 2001.

This case presented a novel legal question—whether a law corporation's failure to register with the State Bar results in private remedies. The issue was presented in the context of a class action. The amount involved included over four years of income, punitive damages, and statutory damages. Respondents were successful in resolving the matter at the demurrer stage, saving additional litigation expenses. The trial court awarded significantly less than the amount requested by respondents. We conclude that the trial court did not abuse its discretion.

### DISPOSITION

The judgment appealed from is affirmed. Respondents shall recover their costs of appeal from appellant.

Boren, P. J., and Ashmann-Gerst, J., concurred.

On April 2, 2003, and April 9, 2003, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied June 11, 2003.