MEMORANDUM *
Plaintiffs Rene Nash and James McNichol (“Plaintiffs”) appeal the district court’s judgment and award of attorney’s fees in favor of defendant Pamela Taylor following a bench trial in this diversity action.. We have jurisdiction under 28 U.S.C. § 1291 and reverse and remand to the district court for further proceedings.
The district court found the December 17, 2001 document obligating Taylor to pay $800,000 to Plaintiffs for a grant deed to the house at 157 Loureyo Road (“the 157 Loureyo property”) was the governing contract. The contract specified $121,000 of the purchase price would be in the form of a note and trust deed on Taylor’s Glendale property (“the 1424 El Miradero property”), due and payable 120 days after closing. Another part of the contract required a home inspection be completed and provided that an escrow would release the recorded note and trust deed on the 1424 El Miradero property to Plaintiffs “upon a signed satisfaction of repairs and or credits made by the seller to the buyer.”
At trial, the district court found that the parties agreed shortly before closing that the repairs-and-or-eredits clause applied only to certain items identified in the home inspection report, that Plaintiffs did not complete those repairs and that Taylor paid for their completion. In light of these findings, the parties stipulated that Taylor paid $10,731.73 to complete the repairs identified in the home inspection report.
The district court’s factual findings are not clearly erroneous. We conclude, however, that the district court erred in applying § 7031(a) of the Contractors’ State License Law (CSLL), Cal. Bus. & Prof.Code §§ 7000-7191, to bar Plaintiffs’ action to *720 recover the unpaid $121,000 portion of the $800,000 purchase price. Section 7031(a) “prohibits a contractor from suing for the collection of compensation for the performance of any act or contract where a license is required.” MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., 36 Cal.4th 412, 30 Cal.Rptr.3d 755, 115 P.3d 41, 54 (2005) (alterations omitted); see also Davis Co. v. Super. Ct., 1 Cal. App.3d 156, 81 Cal.Rptr. 453, 455 (1969) (holding “ ‘compensation’ as used in [the CSLL] denotes sums claimed as an agreed price, fee or percentage earned by performance [of contracting work]” (quotation marks omitted)).
Based on the contract’s plain language, payment of the $121,000 was not in exchange for Plaintiffs’ performing the repairs identified in the home inspection report, so the CSLL does not bar Plaintiffs’ suit to recover the unpaid balance of the agreed-upon purchase price. See MW Erectors, 30 Cal.Rptr.3d 755, 115 P.3d at 54-55. The repairs-and-or-credits clause expressly contemplated credits in lieu of repairs, even if only as a backup option. The parties’ conduct, including the course of negotiations and Taylor’s requests for credits in January and March 2002, confirms this understanding. Plaintiffs did not, in fact, complete the repairs, so Taylor’s payment of the purchase price, less a credit for the uncompleted repairs, would not constitute compensation to Plaintiffs for completing repairs.
Even if Plaintiffs’ performance under the repairs-and-or-credits clause required a license, that would not wholly excuse Taylor’s obligation to pay the purchase price. “[T]he CSLL does not automatically void all contracts entered by unlicensed contractors,” see id., 30 Cal.Rptr.3d 755, 115 P.3d at 58, and any portion of the purchase price intended as compensation for performance of unlicensed contractor work can be severed from the contract, see Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal.4th 83, 99 Cal.Rptr.2d 745, 6 P.3d 669, 695-96 (2000) (recognizing courts can sever illegality from contract when it is not central to contract’s purpose). The value of the repairs was readily quantifiable, see id., 99 Cal.Rptr.2d 745, 6 P.3d at 696 (holding severance is proper when illegal amount of consideration can be quantified), and recovery of that amount can be restricted without rewriting the contract, see id., 99 Cal.Rptr.2d 745, 6 P.3d at 696-97 (holding severance is appropriate if court can strike or restrict application of provision without reforming contract by adding terms). Moreover, severing that amount from the recovery would discourage unlicensed contracting work, respect the parties’ contractual relationship and ensure Taylor does not obtain a windfall by acquiring title to the house for substantially less than the purchase price. See id., 99 Cal.Rptr.2d 745, 6 P.3d at 696 (holding severance is particularly appropriate when it would prevent parties from gaining undeserved benefit or suffering undeserved detriment from voiding entire contract and would conserve contractual agreement without condoning any illegality). At most, the CSLL would bar Plaintiffs’ suit to the extent of the repairs’ value.
Plaintiffs concede they owe Taylor a credit of $10,731.73 for the repairs Taylor had to complete herself. Accordingly, Taylor was obligated to pay Plaintiffs $121,000, minus that amount.
Because Taylor should not have been the prevailing party, see Hsu v. Abbara, 9 Cal.4th 863, 39 Cal.Rptr.2d 824, 891 P.2d 804, 812 (1995), we vacate the district court’s award of attorney’s fees to Taylor.
On remand, the district court shall enter judgment in favor of Plaintiffs for $110,268.27 ($121,000 minus the $10,731.73 *721 credit for uncompleted repairs) and determine whether Plaintiffs are entitled to interest or any equitable remedies. We note that appellees did not file a brief in this case or otherwise defend the judgment in their favor.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.